UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80105-Cr-Marra

UNITED STATES OF AMERICA,
vs.

JENNIFER ROBINSON,
    Defendant.
_____/

## SENTENCING MEMORANDUM

The Defendant, JENNIFER ROBINSON through undersigned counsel, files this sentencing memorandum, requesting that the Court sentence her pursuant to Title 18 U.S.C. §3553, and *United States v. Booker,* 543 U.S. 220 (2005).

## FACTUAL BACKGROUND

The Pre-Sentence Report generally sets forth the offense conduct and participation of each of the defendants. In summary, names and identification information was supplied by some of the defendants which were used to attempt to open credit card accounts and for the filing of fraudulent income tax returns claiming refunds with the Internal Revenue Service.

The credit card companies provided for accounts to be opened electronically in the name of each victim, and if requested, would then issue a credit card in the defendants' name as a "secondary user" under the newly opened account. This defect in the credit card process allowed the defendants to request and receive credit cards in their own names which could be used for purchases, using their own personal identification, if requested, at the point of purchase. Some of the credit card companies cancelled the cards before any charges were made.

The Internal Revenue Service ("IRS") allowed for the electronic filing of a tax return, and if requested, any refund claimed and approved would be sent electronically to a bank account designated by the person filing the return. The bank account didn't need to have any connection to the taxpayer, nor was there any requirement for filing any authorization or

power of attorney form.  Here, it was requested that multiple taxpayer refunds be sent to a bank account in the name of J&K Tax Services.  This company had been formed previously by defendant Jennifer Robinson, with her name and address on the corporate filing, for the purpose of preparing tax returns for area residents. The defect in the IRS filing process allowed the defendants to receive the claimed, fraudulent refunds.  However, in many instances, the claimed refunds were not allowed, thereby reducing the amount of actual losses.

With respect to defendant Jennifer Robinson, unlike any other defendant in the case, we have the unusual circumstance that no plea offer of any kind was ever extended to her.  In order for her to resolve these charges and take responsibility for her actions, without putting the government to the task of preparing for and conducting a trial, she was required to plead guilty to all counts of the indictment.

### PRE-SENTENCE REPORT GUIDELINES CALCULATIONS

The advisory Guidelines calculation prepared by the U.S. Probation Department lists a base offense level of 7 with a 14 level increase for a loss of more than $400,000 but less than $1,000,000.  Because of multiple victims, 4 more levels were added, and 2 more levels for "sophisticated means".  An additional 4 level increase was assessed for the defendant's leadership role in the conspiracy.  Adjustments for acceptance of responsibility yielded a total offense level of 28.  With the defendant's criminal history of category III the guidelines imprisonment range came to 97 to 121 months.   The Indictment included multiple counts charging violations of 18 U.S.C. §1028A.  Each of these counts carries a mandatory two year sentence consecutive to any other term of imprisonment. However, only the first of these violations requires the mandatory two year prison sentence, since under 18 U.S.C. §1028A(b)(4) the Court has the discretion to run the additional violations concurrently with another term of imprisonment set by the court at the same time.

### DISCUSSION

The losses for purposes of guidelines calculations are approximately $509,036.  A restitution hearing has not yet been scheduled as the actual losses have not been ascertained. However a review of the discovery materials reveals that the maximum actual loss amount is

$265,680, a little more than one-half of the guidelines amount.  The substantial difference from the guideline loss to the actual loss is based upon the inclusion of three separate areas of attempted or required minimum losses.
These include:

1) attempted but never realized IRS refunds of $126,922.
2) $21,000.00 representing 42 credit cards from Capital One for which there were no actual losses but pursuant to Guidelines 2 B1.1 there is a minimum loss of $500.00 per card.
3) approximately $100,000 in "relevant conduct" concerning attempts to "take over" 16 accounts at Bank Atlantic each of which failed and produced no actual loss.

While the guidelines calculations added two levels for sophisticated means, the evidence shows a profound lack of sophistication in some aspects of the conspiracy. The credit cards which were received bore the true name of some of the defendants.  The defendant requested that the IRS refunds be sent to a corporation which list her true name and address as the owner.  The trail to her was readily apparent.

During the course of this matter the defendant communicated directly with the Court filing what can best be described as "*pro se*" motions for relief, which were denied.  The content of these communications reflects a philosophy of distrust and resentment of institutions and the government which can best be characterized as out of the mainstream. The defendant believed that money was being taken from the government and these institutions, not from individuals. While this is technically true, the victims are the individuals themselves, even if they sustained no monetary loss.  The defendant didn't consider the potential collateral damage to the individuals.

## CONCLUSION

The guidelines calculations yield an imprisonment range of 97-121 months, a substantial prison sentence. The Court must add to this sentence at least two more years of imprisonment for one of the violations under 18 U.S.C. §1028A. Under 18 U.S.C. §1028A(b)(4) the Court has the discretion to run the additional violations of this statute

concurrently with the term of imprisonment set by the court at the same time. The defendant is respectfully requesting the Court to exercise this discretion.

Applying the low end of the guideline range of 97 months along with a mandatory minimum two years to be served consecutively pursuant to 18 U.S.C. §1028A would result in a sentence of 10 years and one month. This is a severe sentence and is more than adequate punishment for the conduct presented here.

WHEREFORE, the Defendant respectfully requests that this Court sentence her consistent with the arguments presented herein.

>Respectfully submitted,
>
>____/s/_Robert S. Franklin_____
>Robert S. Franklin, Esq.

Dated: May 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document shall be served upon the parties by either transmission of Notices Of Electronic Filing as generated by CM/ECF or in some other authorized manner for counsel and parties who are not authorized to receive such Notices Of Electronic Filing.

>ROBERT S. FRANKLIN, P.A
>Attorney for Defendant
>
>____/s/__Robert S. Franklin_____
>ROBERT S. FRANKLIN. ESQ.